May it please the Court, Ms. Spitz, Jeff Hipsch on behalf of the Employer of the Northern Illinois Special Recreation Association. It's our appeal of the Circuit Court's order confirming the decision of the Commission finding a compensable case and that petitioner sustained accidental injuries which arose out of, and in the course of her employment, basically secondary to preparing to travel. And the Commission had overruled the arbitrator whose opinion in our mind was correct, finding it was not compensable because she was not traveling at the time of the accident. Well, how do we define traveling? Well This is a very interesting issue. Yes, it is. You've heard the phrase that a journey of a thousand miles begins with a single step, as someone once opined. And if the employee in this case, in any event, we digress. But my point being is that if she's out there playing Frisbee in the parking lot before she gets into her car, I think you'd have a much more compelling argument. Isn't arguably starting a car part and parcel of the travel process? When she travels, when she leaves the employer's premises to go to another place as part of her employment So it's 30 below zero out, somebody can't start a car? Well, she's a traveling employee, and the employer provides a vehicle for her to use. And she goes from home to work. She's a traveling employee the minute she touches that vehicle. Under the Newberg case, that would be correct. However, again, her employment premises is located in that office condominium association. That's where the car was. She's not a traveling employee until she leaves that premise. Well, how does she start traveling? She gets in the car, she puts it in drive, then she's a traveling employee. So if something happens to her inside the car after she starts it, under your analysis, the car has to be moving. She has to put it in drive. I mean, that's really kind of a Is there some case that says that? No, there are no cases. A traveling employee is a judicial thing. It's not in the statute. It's arising out of, in the course of.  Yes, sir. You say she's got to put the car in drive. So she's leaving the office. She's walking out the door. She says, goodbye. I'm going to do part of my job across town. But if she gets injured between there and the car, Yes. No recovery. Because it doesn't, sir, it doesn't arise out of. I'm sorry. I understand your argument and your question. It doesn't arise out of if it's a neutral risk, a public risk. And in that office condominium place where all the people from the public park. And in fact, there was testimony about a designated area where she parked, but it turned out that she didn't fall in the designated area. It doesn't arise out. That is the case law. We don't own, maintain or control the parking lot. Therefore, it doesn't arise out of the employment. Let it be true if she wasn't a traveling employee. Yes. But I don't think it's true if she is. Well, and that's correct. And she's not traveling until she's traveling. I mean, until she puts it in drive. Yes. So you are. 30% of her work is. What if she puts it in drive and doesn't push down the accelerator? Well, it's going to have to be for the court to determine it. But I think when you're, when you're on your mission, when you are leaving the premises, when you are in the act of leaving the premises, then you're a traveling employee. She wasn't in the act of leaving the premises by starting the car. She's not in the act of leaving the premises. No. She was going back inside. She had voluntarily went out to start the car by herself. She left her coat inside, as a matter of fact, and that was her choice. It was her choice where to park. It was her choice. The employer did not direct her to take her car. So what is the bright line ruling you want us to adopt? And in the case of a traveling employee, until the car is put in drive, the person cannot be a traveling employee, correct? It seems that the doctrine. Is that what you're asking us to announce? I am asking you to announce that when an employee is a traveling employee, then the reasonable, foreseeable analysis applies. But at what point, we're going, see, we're going around and around. At what point, what is the bright line ruling that makes the person, in this case, the traveling employee? Well, in this case, yeah. In this case, it's a little different because she's an in-town traveling employee. I'm a traveling employee. Today, I left my house in Darien and I drove down here to come to Chicago to argue the case, okay? I think until I take affirmative steps to make the traveling, I pull out of my driveway. Okay, if I slip and fall in my garage, is that compensable? Is it reasonably foreseeable that I could? Yes, it is. Yes, and you're expanding then the traveling employee doctrine to cover everything. Well, let me suggest two scenarios. Same facts as this, but put aside the warming up the car part of it. Instead, she goes out, gets ready for her trip by scraping the ice off of, the frost off of the windshield, okay? Has started the car, it's warming up, she scrapes the frost off the windshield, she falls. At that point, she hasn't yet put it in drive. Second scenario is, she starts the car, is warming it up, backs out, and realizes there's a little bit too much frost on the windshield. Stops, gets out, scrapes the windshield, falls. Injury. Those are the two scenarios. In the first scenario, under your theory, there's no recovery. Under the second scenario, it would appear there would be a recovery. Yes. What's the meaningful distinction between those scenarios? It's the qualitative acts of the employee. And, you know, again, the traveling employee doctrine, if I go to Springfield to argue a case next week, and I stay in a hotel in Springfield, and then I go out to clean off my car before I go to oral arguments, that's compensable because you're a traveling employee that's away from home. Versus an in-town traveling employee. See, you're mixing the standards now. Because you seem to be saying, in this case, the traveling employee, if you will, has to be in motion, okay? The car's got to be in drive. Unless the car, the traveling employee is actually moving the car, you can't be a traveling employee. That's what you're saying. Yes. You're saying all this preparation is meaningless. The car has to be in drive. The traveling employee has to be in motion. A traveling employee has to be traveling for the traveling employee doctrine, which eases the standard of arising out of and in the course of. And there are cases where it says the traveling, the vehicle must be moving. There are no cases that state that. I suggest there's reasons why there's no cases that state that. You're talking about expanding the doctrine. Now you're restricting it to a vehicle in motion. What we're trying to establish is when does the act of traveling occur? Is that what you're trying to say? Yes. And I'm trying to say when you take the affirmative act to travel, not to warm up your car for your personal comfort like you feel like. Isn't that part of the traveling process in the wintertime to warm up your car, scrape off your windshield? Perhaps. No. But if she went out with her coat and she brought her stuff to go traveling? Yes. If she slipped and fell carrying equipment for the presentation that she was doing? Probably traveling. Let's go back to your going to Springfield that I presume is overnight. That's why you're sleeping in a motel. Yes. Okay. So three hours and you know. But let's, I assume you probably take a change of clothes and maybe a garment that it is. Yes. Are you taking the affirmative act of traveling when you pull those clothes out of the closet and put them in the air garment bag? That's the troubling part of expanding the doctrine. My analysis is I was wearing my blue suit for oral arguments. If I pick this up at the cleaners on Saturday and I slip and fall, is it reasonably foreseeable in Chicago where there was an ice storm that I could slip and fall? But that's not the process of traveling. I suggest getting into a car and starting the car to take a trip and warming the car is the process of traveling. Putting on makeup in the house, eating a sandwich as you described, clearly is not getting you, because you're not in the actual process. If you use your car as part of the traveling employee and you start your car, that's part of the process. The holding by the commission was preparing to travel. And that's our argument and that's the question of law. Does it apply? Does the traveling employee exception, which expands compensability, apply to someone who's preparing to travel? That's the issue before the court. We would ask you to overrule the decision of Judge White, set aside the decision of the commission and reinstate the arbitrator's decision, which is correct in this case. Thank you. Thank you, counsel. Good morning, Justices. Good morning, Counselor. Robin Fitt on behalf of the defendant in this case, Sarah Klimczak. This case is not about a question of law. It's about a question of facts. There are undisputed facts in this case upon which there could be a divergent inferences to be drawn there from. Therefore, this case should be decided under the review of manifest weight of evidence. I'm asking that the court affirm the decision of the circuit court and the commission as the commission's decision and findings were not against the manifest weight of the evidence. Well, you heard opposing counsel's argument. He places a great deal of emphasis on the fact that at the time of the injury, she wasn't actually embarking on the journey yet. You heard the cure, the car wasn't in gear. So what do you make of whether or not that's critical to determining whether the employee is actually on the journey? Or was she traveling at the time? Well, I mean, the doctrine, the traveling employee doctrine is not supposed to be taken apart and you're not supposed to actually define what is traveling in the sense of it doesn't matter whether or not Ms. Klimczak was actually driving in her vehicle when the accident happened. It doesn't matter if she had already reached her off-site program destination. She's a traveling employee based on the facts that have been presented. She testified that she traveled 60 to 70% of the week outside of the employer's premises. In fact, the executive director for the employer also testified that she traveled almost daily outside of the employer's premises. The actual date of the accident, she was coming from another off-site program. She made her way back to the employer's premises. And then she was heading to another off-site program around 430, 445 when she went to the parking lot to warm up her vehicle because it was a very cold and icy day. She's a traveling employee. All the case law supports this. If you look at the Jensen case, that establishes the definition of a traveling employee. It says a traveling employee is one who's required to travel away from the employer's premises. But a person isn't a traveling employee 24 hours a day. I mean, you have to look at what was the status at the time of the injury. I mean, she could be a traveling employee. She could travel 100% of the time. If she was out of the parking lot doing something unrelated to the car, you know, throwing a baseball at somebody, would she have been compensated for that as a traveling employee because her job is to travel? Well, the test would have been whether or not her conduct at the time of injury was foreseeable and reasonable. Right. And that would not have been. She's still a traveling employee. Her traveling employee status doesn't just stop because she's sitting in her office. It doesn't stop when she gets out of her vehicle. But it also doesn't go on if you're doing something unrelated to your job. Would you agree with that? Well, if you're saying unrelated, I guess that's not, to me, that's not. Let me give you my earlier example. You're a traveling employee. Everybody concedes. That's all you do is go around the lay law. You decide to throw a Frisbee in the parking lot when you get to that day. Would she under your argument be a traveling employee? The act of throwing the Frisbee would be compensable because she's a traveling employee. Is that what you're saying? Well, it would determine whether throwing the Frisbee would be reasonable and foreseeable. She's still a traveling employee. So you're saying if you're a traveling employee, you get compensated no matter what your activities are at the job site. No, that's not what I'm saying. I'm saying that if you're a traveling, once it's been determined that you are a traveling employee, to determine whether the injury is compensable, you have to look at whether or not her conduct at the time of the injury was reasonable and foreseeable by the employer. That's what I'm saying. You have to examine it in the context of the time of the injury. Right. You can't say somebody's a traveling employee. Therefore, no matter what they do, their compensated is correct. I agree. Correct. Maybe we're not communicating. Okay. Right. Then you would represent opposing counsel if he injured his shoulder while he was taking his garment bag down back at the Supreme Court. I'm sorry. Repeat that. My example, going down to Springfield to your opponent, he reaches in the closet for his garment bag and does something to his shoulder. Yeah, that would be compensable. If he's considered a traveling employee and he's in Springfield away from his office. Okay. So you're okay. So he is opposing counsel said that he would be he's a traveling employee when he goes down to Springfield to argue a case. So we have that. Right. Now, is he engaged in traveling when he engages in that activity and injures his shoulder pulling down the garment bag out of the closet? No, he's not engaged in traveling in the sense of is he moving? Is he in transit? Is he driving a vehicle? But he's still a traveling employee. If his job requires him for the majority of the time to go off site away from an office location, to travel to other venues, other courts, to travel out of state, he's considered and deemed a traveling employee. So it's actually, then it is when you get in the car and put it in drive is what you're saying. Am I correct? Or if you're stationary. Let's put it back in his house. It's reasonable and foreseeable. He's got an overnight trip and he's going to pack his bags. Right. And preparing to travel. And you're saying and he's still a traveling employee is what I'm saying. If you oh, now he is. He remains a traveling employee. His employment status doesn't change. I thought earlier you said it wasn't. No, I said he does. He is a traveling employee. And I look at it as similar to, you know, here in the state of Illinois, we have, you know, United Airline employees who are always considered traveling employees. Whether they're on layover, walking down the street and roam and get hit by a car, or whether they're actually in flight flying and they get injured by turbulence. They're still a traveling employee. Yeah, because what they're doing is part and parcel of the job and they're traveling. Okay, if somebody's doing their laundry on a weekend, they're doing their shirts in a washing machine and they fall down, under your argument, that act of falling at home would be compensable. Correct. So what would not be compensable? What would not be compensable is if, let's say for instance, I'll give you an example. If someone is a traveling employee, let's say that they're a flight attendant and they're flying to Rome on layover and on layover they decide to go skydiving. I mean, one could argue that that's probably not reasonable activity or foreseeable that they would do that. Even if you're a traveling employee. Well, there's one case, I can't remember the name of it, where a worker was compensated for going on a, well, there was also going on a tour to a volcano in Hawaii. Right. And the worker was compensated. Right. That's, I think, a panel case. And I agree, I think that is reasonable activity. I think that if you're traveling out of state or overseas on a job location and you're gone for two, three days or a week, you're going to sightsee. You're going to go out downtown to go to a restaurant. You're going to see different sights. I mean, whether or not you're going to actually go jump out of a plane and go skydiving, that could be maybe considered not as reasonable or foreseeable activity. But in this particular case, this woman drives offsite to different programs 60 to 70% of the time. Majority of the time, she's not in an office location sitting at a desk 9 to 5. She's a traveling employee. And in this particular case, it's wintertime, it's December, it's icy, it's cold. If she's almost on a daily basis driving back and forth to programs, it's totally reasonable that someone's going to have to warm up their car. In fact, in this case, it was testified that she said other co-employees did the same thing. At no point did the employer ever say that that was not okay to go out and warm up your car. So this was a very reasonable activity. And in fact, because the employer probably knew other co-employees did the same thing, it was foreseeable. Do you have a case that says once a traveling employee, always a traveling employee? I have, well, there's a few cases. I mean, the Jensen case does explain what the definition of a traveling employee is. One that works and travels away from the employer's premises. It doesn't really- Doesn't say that you have to do it all the time. It doesn't. However, there is the case of Potenza. I believe in that case, this gentleman was a truck driver for Jewel Stores. And at the time that he injured himself, he was unloading a truck. Now, he wasn't driving the vehicle. He was in the alleyway behind the warehouse or the store, and he was unloading a truck. He was assaulted by a stranger on the street and then ended up injuring himself. That, in that case, the court found that he was a traveling employee. That was never in dispute. And the issue was whether or not his- And her boss tells her, go to the post office and mail this letter. So she walks down the street, and she trips on the curb, and she hurts herself. Is she a traveling employee? I don't think she's a traveling employee, but I think that- Why not? She had to travel away from her employee's premises. Well, it depends on what her job is as a secretary. I mean, if she sits at a desk primarily- If she wants a traveling employee, always a traveling employee. But if you're not basically a traveling employee, you can never be one. You seem to be looking at this like a status, like a lawyer. You're always a lawyer. If you're a traveling employee, you're always a traveling employee, whether you're on the clock or not. I mean, under your theory, if I understand this, maybe I'm confused, somebody going to the cleaners on a Saturday to pick up their suit to take the trip to Springfield, and who falls on the ice, that would be compensable as a traveling employee, under your theory, because they have the status of a traveling employee. If anything they do, no matter how we move time, place, circumstance from the travel, they're compensable because they have a title of a traveling employee. Do you see a problem with that? Well, I mean, the way I look at it is it depends on the facts of the case. You have to find out whether or not the claimant, the employee, is someone who, a majority of the time, is traveling away from their office location. It doesn't have to be a majority of the time. It just says, travels away from the employer. It's premises. It doesn't say majority of the time. A person can be a traveling employee because they were sent out for 15 minutes, when their basic job is to sit behind a desk. And when they're in transit, away from their employer's premises, they're covered by the traveling employee theory. Well, I will say I haven't found a particular case that points to, you know, defining it that way in terms of, you know, how much time does one need to be out of the office to be considered a traveling employee. But all the cases that I cited in my brief are very analogous to the present case. I mean, there's cases of someone who's a traveling sales rep. So they're, you know, they're driving to different locations for their job. Or the person who's a termite control operator who has to travel to different destinations. In this case, though, you say it depends on the facts. Okay, earlier you said that. So let's stay with the facts in this case. The facts in this case are that we have a question of preparation to travel, and then we have actual travel. And it's a real murky area here in opposing counsel saying there's no real cases on this, on this particular fact pattern. So what we're trying to struggle with is how far do you go back to, is preparation covered, or is it the act of actual movement and travel? Well, technically, she was moving. She wasn't moving from her employee premises at the time of the injury. Well, she was, she was moving from her office and walking to the parking lot. But she didn't get in her car, and arguably the demarcation of opposing counsel wants this court to accept is that it's got to be in drive. Well, with all due respect, my opponent hasn't cited any cases that address his argument. And so he's asking the court to create new law, which is not what we're here to do. So we do have cases that say preparation to leave employee or employer's premises is covered. We don't have that, but I don't think that this is. So you don't have a case either? I don't have a case either, and you're right. But I don't, but my argument isn't to say that she is not a traveling employee. She is a traveling employee. And the cases that I've cited support that she's a traveling employee. Again, the majority of the time, she does not stay in an office setting sitting at a desk. That's 60 to 70% of the time, almost daily, she's in her car going back and forth to off-site programs. Just like the cases that I cited, and I said earlier, the traveling salesman or even, you know, a flight attendant, someone who works off-site doing termite control. These courts all found that these claimants were traveling employees. So once they established that, the issue is whether the injury is compensable, and what needs to be looked at is whether the conduct at the time of the injury was reasonable to foreseeable. So that if the secretary in the office, that very office in Crystal Lake, and it's about five minutes to end of the day, gets up from his or her desk, and goes out to the parking lot to warm up their car, is that person traveling? They are traveling. Is that person a traveling employee? If they do that on a regular basis, then yes. If they have to leave their office and go walk down the street to do something related to their job, then I think that they are a traveling employee. Well, now I think we've gone full circle and we finally get the nail on the head. I think you crystallized your argument when you said the conduct at the time of the accident and its connection to the job. There is no such thing, I submit to you, as an all full-time, all-the-time-traveling employee. There is no such doctrine as that. You cannot be a full-time traveling employee unconnected to what you were doing at the time of the accident. It has to be in context, you have to look at the conduct at the time of the accident, and its connection to the job. Well, the connection to the job is in the sense of whether or not your job requires you to leave the office location. There's plenty of cases, and I've cited one, Wexler case, where it says when this traveling sales rep was driving, he was killed by another automobile. They're not sure whether or not he was coming from doing some errand for a job duty, or whether it was a recreational outing, and the court said it's irrelevant. Because it would be reasonable and foreseeable that someone who is spending, let's say, five or six months away from their office location, traveling for their job, that they may go somewhere for a recreational outing. That's the law. And the court found that even if this was an outing that was for recreational purposes, that would be considered reasonable and foreseeable. Let me try one final example. The woman in this category, in this case here, before she got into the car, let's assume it's the summertime, and she's there, and she goes out with her co-workers to play volleyball on an employer's premises over the lunch hour and gets hurt. Is it your argument that that's defensible as a traveling employee, because she is, after all, a traveling employee? Yeah, I think if the facts were to show that they often play volleyball, is there a volleyball net outside of the employer's premises where employees go to play volleyball? Is this something that they've seen happen before? If that's the case, and you bring that into evidence, then sure, the argument would be, since she's a traveling employee, and that's already been established, whether or not... Does volleyball have to do with traveling? It has nothing to do with traveling. But again, the test would be whether or not her playing volleyball is a reasonable activity, one, and two, if it was foreseeable by the employer. She's still a traveling employee. Counsel, your time is up. Thank you. Thank you. In conclusion, long-distance traveling employees, the standard should be whether the activity is reasonably foreseeable. So the guy in Hawaii at the Lava Pets, he's away from home, he's not in Chicago where he lives, it's foreseeable that people go on recreation activities, and it should be covered. Local traveling employees, the question should be whether they are a reasonable activity. Whether they are in transit or not. Mr. Portenza, who is the JUUL delivery guy, was out and about. He was in some alley on the north side, I believe, and he was assaulted while making a delivery at JUUL store. Well, that means she's in the process of traveling. Yes. That's an easy case. Yes. Yes, it is. How about this situation? Mr. Portenza pulls up at the JUUL parking lot, which is open to members of the public at large. He parks his car, he goes inside for a little bit, and then he's on his way back to the truck, but he hasn't started traveling yet, and he slips and falls. Now, is he a traveling employee? No, not until he gets in a JUUL truck. Yes, he is. He's out on the job. Absolutely. Here's the problem, you know, when you go down this alley. The employer is always going to argue that if you're in a car wreck, for example, while you're making your stops, they're going to argue that you were not exposed to any risk other than the general public. That's why we have the employee doctrine. I mean, that's true. Everybody out on the road, they're exposed to the same risk. But, you know, there's an increased risk because you are on the road as part of your job duties, at the direction or control of the employer when you're in a truck driver. Yeah, I mean, the idea is to protect the worker who is exposed to the risks of the street and to traveling. Yes. Including slipping and falling when you walk out of the JUUL to get in your truck. Sure. So the question then is, is the injury in this case at the request or direction of the employer, not a voluntary action by the employee? It's a voluntary action by the employee. She didn't have to start her car. She didn't have to warm it up. She didn't have to wear her, not wear her coat to go back in. Okay, let me make sure I understand. So if a guy went into the JUUL to buy a bag of peanuts for himself, then you would say, you know, okay, he was out on his route, but now he deviated and he... I would not say that that's a deviation. I would say portal to portal. Once he gets in the truck and drives off, then he's covered. The case of the secretary, she is a traveling employee at the time that she's directed to go somewhere as a condition of her employment. The employer tells her, go over to the bank and make the deposit. Then she's exposed to, you know, a neutral street risk, but it's a risk that she was exposed to because she was in, you know, furthering the actions of her employer. In this case, she's not furthering the actions of her employer until she puts the car in drive and goes in transit. We have to separate out these local transit people or everything is covered. So you're not going to get compensated for straining your shoulder? Not at home. Not in my garage. If I fall over a child's toy in my house while I'm carrying my briefcase out, I don't think so. That's a neutral risk, a family risk. At least we know there's an attorney who can take your case. Yes, sir. Thank you, counsel. This matter will be taken under advisement for a dispositional issue. Court will stand at recess until 1 p.m. Thank you.